UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,         Civil No. 1:21-cv-622

  vs.

GENTS 10KT WHITE GOLD DIAMOND
PENDANT, WITH CUSTOM #800 DESIGN,
WEIGHING APPROXIMATELY 30.6 GRAMS
AND HANGING FROM 4MM WIDE STERLING
SILVER DIAMOND CUT ROPE CHAIN,

GENTS 10KT TWO TONE DIAMOND
PENDANT, WITH CUSTOM #800 DESIGN,
WITH RAISED NAME L. ROY, WEIGHING
APPROXIMATELY 80.9 GRAMS AND
HANGING FROM A 22 INCH, 4MM WIDE
DIAMOND CUT ROPE CHAIN,

$5,605.00 UNITED STATES CURRENCY, and

$710.00 UNITED STATES CURRENCY,

   Defendants.
_____/

## **VERIFIED COMPLAINT FOR FORFEITURE IN REM**

NOW COMES Plaintiff, United States of America, by and through its

attorneys, Andrew Byerly Birge, United States Attorney for the Western District of

Michigan, and Daniel T. McGraw, Assistant United States Attorney, and states upon

information and belief that:

## **NATURE OF THE ACTION**

1. This is a civil forfeiture action filed pursuant to 21 U.S.C. § 881(a)(6)

1

and Supplemental Rule G(2) of the Federal Rules of Civil Procedure to forfeit and condemn to the use and benefit of the United States of America: (1) Gents 10kt white gold diamond pendant, with custom #800 design, weighing approximately 30.6 grams and hanging from 4mm wide sterling silver diamond cut rope chain ("Defendant Property Necklace One"); (2) Gents 10kt two tone diamond pendant, with custom #800 design, with raised name L. Roy, weighing approximately 80.9 grams and hanging from a 22 inch, 4mm wide diamond cut rope chain ("Defendant Property Necklace Two"); (3) $5,605.00 United States Currency; and (4) $710.00 United States Currency (collectively referred to as the "Defendant Property").

## THE DEFENDANT IN REM

2.     The Defendant Property consists of Defendant Property Necklace One, Defendant Property Necklace Two, $5,605.00 United States Currency, and $710.00 United States Currency, all of which was seized on or about February 23, 2021 in Kalamazoo County, Michigan by the Michigan State Police (MSP).  The Defendant Property is currently in the custody of the Drug Enforcement Administration (DEA).

## JURISDICITON AND VENUE

3.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1345 and 1355(b)(1)(A), because this action is being commenced by the United States of America as Plaintiff, and the acts giving rise to the basis for forfeiture occurred in this judicial district.

4.     Venue is proper before this Court pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to forfeiture occurred in this judicial district,

and/or pursuant to 28 U.S.C. § 1395(b), because the Defendant Property was found within this judicial district.

## BASIS FOR FORFEITURE

5.     As set forth below, the Defendant Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance; and/or (2) proceeds traceable to such an exchange; and/or (3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 841, 846.

## FACTS SUPPORTING FORFEITURE

6.     On February 23, 2021, an undercover MSP detective (UC) arranged to buy approximately two ounces of crystal methamphetamine for $800 from Kejuan Pharrell Carter, Dion Daijauan Bates, and Roy Chester Essix in the Walmart parking lot in Plainwell, Michigan, within this judicial district.

7.     The UC approached a white 2021 Chevrolet Blazer, Maryland registration 1EK8150 (Subject Vehicle) in the Walmart parking lot and saw Bates sitting in the driver's seat, Essix sitting in the front passenger seat, and Carter sitting in the rear driver side passenger seat.

8.     Essix signaled and told the UC to go to the driver's side of the vehicle. The UC saw the rear driver side window was lowered.

9.     Through the open window, the UC handed Carter a scale to weigh the

3

crystal methamphetamine.  Carter placed the scale on the floorboard by his feet and weighed a plastic bag containing a white crystalline substance.  After weighing the bag, Carter picked up the bag and the scale and handed both to the UC.  In exchange, the UC handed Carter $800 of United States Currency.

10.    The DEA laboratory confirmed that the substance distributed by Carter to the UC was approximately 44.369 grams of methamphetamine hydrochloride, a Schedule II controlled substance, with 73% +/- 6% purity. The substance also contained dimethyl sulfone, also known as MSM, a common agent used to cut methamphetamine.

11.    Law enforcement officers followed the Subject Vehicle as it left the Walmart parking lot and merged onto US-131 southbound.

12.    An Allegan County Sheriff's deputy in a marked police car attempted to initiate a traffic stop on the Subject Vehicle, but instead of pulling over, the Subject Vehicle fled and continued south on US-131 at a high rate of speed.  The Subject Vehicle passed a stationary MSP trooper that clocked the Subject Vehicle's speed at 128 miles per hour.

13.    The Allegan County Sheriff's deputy terminated pursuit of the Subject Vehicle due to the high rate of speed and danger to other motorists.

14.    The Subject Vehicle subsequently crashed and was located disabled near the intersection of Douglas Avenue and Business US-131 exit ramp in Kalamazoo County, Michigan.

15.    Law enforcement officers found and detained Bates and Essix as they

were walking out of a wooded area near the crash site.

16.     Defendant Property Necklace One and $5,605.00 United States Currency, consisting of 26 one-hundred-dollar bills, 2 fifty-dollar bills, 145 twenty-dollar bills, and 1 five-dollar bill, were seized from Bates' person.

17.     Defendant Property Necklace Two and $710.00 United States Currency, consisting of 35 twenty-dollar bills, 1 five-dollar bill, and 5 one-dollar bills, were seized from Essix's person.

18.     Both Defendant Property Necklace One and Two have custom made pendants displaying "#800." Upon information and belief, "#800" is a gang symbol that represents the Woodbury gang of Kalamazoo, Michigan, which is involved in drug dealing.

19.     Two days after the crash, on or about February 25, 2021, officers returned to the area where Bates and Essix were observed running after crashing the Subject Vehicle and made contact with an individual who lived in the area. The individual said that one of the males returned to the property the day after the crash and was looking for something he dropped. The male, later identified as Essix, gave the individual his phone number, which according to law enforcement databases, was subscribed in Essix's name.

20.     The individual found a baggie containing an unknown substance on her property and gave it to officers. The DEA lab confirmed that this baggie contained approximately 21.558 grams of fentanyl, a Schedule II controlled substance. Upon information and belief, Essix had returned to the area to search for the missing bag

of fentanyl after the crash.

21.     Bates subsequently pleaded guilty to attempted fleeing and eluding – 4th degree in state court in Allegan County.

22.     Based on a review of law enforcement databases, Bates has one prior felony conviction for a controlled substance offense, and one prior misdemeanor conviction for a controlled substance offense.  Essix has three prior felony convictions for controlled substance offenses, and three prior misdemeanor convictions for controlled substance offenses.

23.     Defendant Property Necklace One has a value appraised at $5,950. Defendant Property Necklace Two has a value appraised at $12,000.

24.     Upon information and belief, the Defendant Property was furnished, or intended to be furnished, in exchange for drugs, constitutes the proceeds of drug trafficking, and/or was being used to facilitate violations of 21 U.S.C. §§ 841 and 846.

## CLAIM I

25.     Plaintiff hereby re-alleges paragraphs 1 – 24, as referenced above.

26.     The Defendant Property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. Chapter 13, Subchapter I.

## CLAIM II

27.     Plaintiff hereby re-alleges paragraphs 1 – 24, as referenced above.

28.     The Defendant Property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes proceeds traceable to an exchange of controlled substances in violation of 21 U.S.C. Chapter 13, Subchapter I.

## CLAIM III

29.     Plaintiff hereby re-alleges paragraphs 1 – 24, as referenced above.

30.     The Defendant Property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys, negotiable instruments, and securities used or intended to be used to facilitate a violation of 21 U.S.C. Chapter 13, Subchapter I.

## REQUESTED RELIEF

Wherefore, the United States requests that the Court issue a warrant for the arrest of the Defendant Property; that due notice be given to all interested parties to appear and show cause why forfeiture to the United States of America should not be

decreed; and that the Defendant Property be condemned and forfeited to the United States of America and be delivered into the custody of the Drug Enforcement Administration for disposition according to law; and for such other relief as this Court may deem just and proper.

ANDREW BYERLY BIRGE
United States Attorney

Dated: July 20, 2021

DANIEL T. McGRAW
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

## VERIFICATION

I am a Special Agent of the Drug Enforcement Administration with personal involvement in this investigation.

I have read the contents of the foregoing Verified Complaint for Forfeiture In Rem, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 7|20|2021

HEATHER WILLIAMSON
Special Agent
Drug Enforcement Administration